**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ELVINA HAMM, as Personal
Representative and Ancillary
Administratrix of the Estates of
Janet Louise Hamm, deceased and
Jacqueline Elizabeth Hamm,
deceased; KAREN RENAY HAMM, as
Co-Personal Representative and Co-
Ancillary Administratrix of the
Estate of Johnathan Alphonzo
Richardson, deceased; as Parent and
Natural Guardian of Arthur
Richardson, III, a minor, and David
Freedman, as duly appointed
Guardian ad Litem for minor child,
Arthur Richardson, III; ARTHUR                      No. 98-2068
RICHARDSON, JR., as Co-Personal
Representative and Co-Ancillary
Administrator of the Estate of
Johnathan Alphonzo Richardson,
deceased; as Parent and Natural
Guardian of Arthur Richardson, III,
a minor, and David Freedman, as
duly appointed Guardian ad Litem
for minor child, Arthur Richardson,
III; PATRICK A. WILLIAMS, SR., as
Personal Representative and
Ancillary Administrator of the
Estate of Patrick Anthony Williams,
Jr., deceased; THERESA HAMM, as

Parent and Natural Guardian of
Steven Foster, a minor, and W.
David White, as duly appointed
Guardian ad Litem for minor child,
Steven Foster,
<u>Plaintiffs-Appellants,</u>

v.

CANAL INSURANCE COMPANY,
<u>Defendant-Appellee.</u>

PARENTS AGAINST TIRED TRUCKERS;
CITIZENS FOR RELIABLE AND SAFE
HIGHWAYS,
<u>Amici Curiae.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CA-97-729-1)

Argued: March 4, 1999

Decided: April 21, 1999

Before HAMILTON and TRAXLER, Circuit Judges, and
LEE, United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Julia Wernett McInerny, COALE, COOLEY, LIETZ,
MCINERNY & BROADUS, P.C., Washington, D.C., for Appellants.

Jeffrey Alan Burns, SHOOK, HARDY & BACON, L.L.P., Kansas City, Missouri, for Amici Curiae. Joseph Edward Wall, JORDAN, PRICE, WALL, GRAY & JONES, L.L.P., Raleigh, North Carolina, for Appellee. **ON BRIEF:** Charlsa D. Broadus, COALE, COOLEY, LIETZ, MCINERNY & BROADUS, P.C., Washington, D.C., for Appellants. Laura J. Wetsch, JORDAN, PRICE, WALL, GRAY & JONES, L.L.P., Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Plaintiffs-appellants (the Hamms)* appeal the district court's grant of judgment on the pleadings, see Fed. R. Civ. P. 12(c), to Canal Insurance Company (Canal) on the Hamms' action seeking a declaration that Canal is directly liable to pay up to the limit of the policy (Policy) it issued to Virginia Hiway Express, an interstate motor carrier, for each final judgment the Hamms obtain against Virginia Hiway Express. For the reasons that follow, we affirm.

---

*The plaintiffs-appellants are: Elvina Hamm as the personal representative and ancillary administratrix of the estate of Jacqueline Elizabeth Hamm, deceased; Elvina Hamm as personal representative and ancillary administratrix of the estate of Janet Louise Hamm, deceased; Karen Renay Hamm and Arthur Richardson, Jr., as co-personal representatives and co-ancillary administrators of the estate of Johnathan Alphonzo Richardson, deceased; Karen Renay Hamm and Arthur Richardson, Jr., as parents and natural guardians of Arthur Richardson, III, a minor; David Freedman, duly appointed guardian adverse domination litem for minor child Arthur Richardson, III; Patrick Williams, Sr., as personal representative and ancillary administrator of the estate of Patrick Williams, Jr., deceased; Theresa Hamm, individually; Theresa Hamm as parent and natural guardian of Steven Foster, a minor; and W. David White, duly appointed guardian adverse domination litem for minor child Steven Foster.

3

I.

The essential facts are not in dispute. This case arises out of a July 8, 1995 collision (the Collision) near Salisbury, North Carolina. Tragically, a truck owned by Canal's insured, Virginia Hiway Express, an interstate motor carrier, struck the vehicles carrying Jacqueline Elizabeth Hamm, Janet Louise Hamm, Johnathan Alphonzo Richardson, Arthur Richardson, III, Patrick Williams, Jr., Theresa Hamm, and Steven Foster. As a result of the Collision, Jacqueline Elizabeth Hamm, Janet Louise Hamm, Johnathan Alphonzo Richardson, and Patrick Williams, Jr., died, and Arthur Richardson, III, Theresa Hamm, and Steven Foster suffered severe injuries.

Plaintiffs-appellants brought this declaratory judgment action in the United States District Court for the Middle District of North Carolina seeking a declaration that Canal, pursuant to the Motor Carrier Act of 1980 (MCA), as amended, 49 U.S.C. § 13906(a), is directly liable to pay up to the limit of the Policy it issued to Virginia Hiway Express, an interstate motor carrier, for each final judgment the Hamms obtain against Virginia Hiway Express.

After answering the Hamms' complaint, Canal moved, pursuant to Federal Rule of Civil Procedure 12(c), for judgment on the pleadings, arguing that: (1) the Collision was only a single "accident" under the Policy and the MCA; and (2) Canal's potential financial obligation is limited by the terms of the Policy and the MCA to $1 million per accident. The Hamms contended that the Collision resulted in more than one "accident" and Canal's potential liability was greater than the Policy's limit of $1 million because the Policy conflicts with the MCA, which requires that the Policy's limit apply separately to each final judgment the Hamms obtain against Virginia Hiway Express. Agreeing with Canal's construction of the Policy and the MCA, the district court granted Canal's motion for judgment on the pleadings.

II.

Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the record and the applicable law, we conclude that the district court correctly determined that the Collision was only a single "accident" under the Policy and the MCA. We fur-

4

ther conclude that the district court correctly determined that Canal's potential financial obligation is limited by the terms of the Policy and the MCA to $1 million per accident. We therefore affirm on the reasoning of the district court. See Elvina Hamm, et al. v. Canal Ins. Co., No. 1:97-CV-00729 (M.D.N.C. 1998).

AFFIRMED

5